```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA        )
(NATIONAL PARK SERVICE),        )
                                )
          Plaintiffs,           )
                                )     Civil No. 2014-95
     v.                         )
                                )
DONNA ROBERTS; DEBRA ROBERTS-   )
LIBURD; LUCIA ROBERTS FRANCIS;  )
GLORIA JOSEPH; KEITH E. FRAZER; )
ALVENO A. HERMAN, SR.; ALLEN E. )
ROBERTS, II; EDWIN E. ROBERTS,  )
II; SHIREE ANN ROBERTS; RAY     )
ROBERTS; LYNETTE MAGRAS; GAYE R.)
MOSES; SEKOU MAGRAS; LENNY      )
LIBURD; LEE CHRISTIAN; DELSA    )
CHRISTIAN; and KATIKA KIMBO     )
DONOVAN,                        )
                                )
          Defendants.           )
                                )
```

**ATTORNEYS:**

**Ronald Sharpe, USA**
**Noah Sacks, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States,*

**Joseph Caines, Esq.**
Law offices of Joseph Caines
St. Thomas, VI
    *For Donna Roberts; Debra Roberts-Liburd; Lucia Roberts Francis; Gloria Joseph; Keith E. Frazer; Alveno A. Herman, Sr.; Allen E. Roberts, II; Edwin E. Roberts, II; Shiree Ann Roberts; Ray Roberts; Lynette Magras; Gaye R. Moses; Sekou Magras; Lenny Liburd; Lee Christian; Delsa Christian; and Katika Kimbo Donovan.*

## **MEMORANDUM OPINION**

**GÓMEZ, J.**

Before the Court is the motion of the United States of America to dismiss the counterclaim in this property dispute.

### I.   **FACTUAL AND PROCEDURAL HISTORY**

On November 13, 2014, the United States filed a complaint against Donna Roberts; Lucia Roberts Francis; Gloria Joseph; Keith E. Frazer; Alveno A. Herman, Sr.; Allen E. Roberts, II; Edwin E. Roberts, II; Shiree Ann Roberts; Ray Roberts; Lynette Magras; Gaye R. Moses; Sekou Magras; Lenny Liburd; Lee Christian; Delsa Christian; and Katika Kimbo Donovan alleging that they were encroaching on the United States's property, Parcel 5a Estate Bordeaux. Thereafter, on November 17, 2014, the complaint was amended to add an additional defendant, Debra Roberts-Liburd. The amended complaint is a three-count complaint. Count One asserts a claim against all of the defendants to recover possession of Parcel 5a Estate Bordeaux pursuant to 28 V.I.C. § 281. Count Two asserts a claim against all of the defendants for common law trespass. Count Three asserts claims against all of the defendants for public and private nuisance.

Subsequently, Donna Roberts; Lucia Roberts Francis; Gloria Joseph; Keith E. Frazer; Alveno A. Herman, Sr.; Allen E.

*United States v. Roberts, et. al.*
Civil No. 2014-95
Memorandum Opinion
Page 3

Roberts, II; Edwin E. Roberts, II; Shiree Ann Roberts; Ray Roberts; Lynette Magras; Gaye R. Moses; Sekou Magras; Lenny Liburd; Lee Christian; Delsa Christian; and Katika Kimbo Donovan (collectively, the "Counterclaim Defendants") filed an answer to the amended complaint and a counterclaim. Count One of the counterclaim seeks to quiet title. Count Two of the counterclaim seeks to determine boundaries. Count Three of the counterclaim asserts an adverse possession claim.

On February 10, 2015, the United States filed a motion to dismiss the counterclaim for lack of subject-matter jurisdiction and failure to state a claim (the "February 10, 2015, motion to dismiss").

On June 30, 2015, the United States filed another motion to dismiss (the "June 30, 2015, motion to dismiss"). The June 30, 2015, motion to dismiss was directed at a then-unfiled amended counterclaim that the United States asserts it received in the mail (the "June 30, 2015, motion to dismiss"). The Counterclaim Defendants then filed an amended counterclaim on July 27, 2015.

On July 30, 2015, the Magistrate Judge entered an order deeming both the opposition to the June 30, 2015, motion to dismiss and the amended counterclaim to have been timely filed.

*United States v. Roberts, et. al.*
Civil No. 2014-95
Memorandum Opinion
Page 4

Subsequently, the United States withdrew the February 10, 2015, motion to dismiss. Thus, only the June 30, 2015, motion to dismiss is before the Court.[1]

## II. **DISCUSSION**

### A. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Subject-matter jurisdiction may be challenged by either "a facial attack on the complaint," *Doe v. Goldstein's Deli,* 82 Fed. App'x 773, 775 (3d Cir.2003) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977), or a factual challenge, which "question[s] the existence of subject matter jurisdiction in fact, apart from the pleadings." *Id.* Regardless of the form of the challenge, "[t]he plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Id.* (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189

---

[1] On March 16, 2016, the United States stated on the record that the amended counterclaim filed on July 27, 2015, is identical to the amended counterclaim that the United States had previously received in the mail. The United States further stated on the record that the June 30, 2015, motion to dismiss was directed at the amended counterclaim that was filed with the Court on July 27, 2015. Counsel for the Counterclaim Defendants also stated on the record that when he was drafting the opposition to the June 30, 2015, motion to dismiss, he understood that the June 30, 2015, motion to dismiss was directed at the amended counterclaim that was filed with the Court on July 27, 2015. As such, the Court will treat the June 30, 2015, motion to dismiss as directed against the amended counterclaim that was subsequently filed on July 27, 2015.
    The Court takes this opportunity to remind the parties that it is imprudent to file a motion to dismiss a document that is not an operative pleading. Counsel are expected to seek relief on pleadings currently before the Court, not on pleadings that *might be* filed.

*United States v. Roberts, et. al.*
Civil No. 2014-95
Memorandum Opinion
Page 5

(1936); *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000)).

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000) (citing *PBGC v. White,* 998 F.2d 1192, 1196 (3d Cir.1993). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of . . . jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller v. Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir.2004).

B. **Motion to Dismiss for Failure to State a Claim**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint

"contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S.Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S.Ct. at 1965).

## III. ANALYSIS

The Counterclaim Defendants have asserted multiple claims against the United States. When claims are asserted against the United States, this Court lacks subject-matter jurisdiction to

proceed on those claims unless the United States has waived sovereign immunity. See *Cudjoe ex rel. Cudjoe v. Dep't of Veterans Affairs*, 426 F.3d 241, 246 (3d Cir. 2005).

The Quiet Title Act ("QTA") was intended to "provide the exclusive means by which adverse claimants could challenge the United States'[s] title to real property." *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983). Pursuant to that Act, the United States waived sovereign immunity for certain actions involving real property. *See generally* 28 U.S.C. 2409a.

The QTA's waiver of sovereign immunity is not unfettered. In order for a claimant to proceed on a claim pursuant to the QTA, the QTA claim must be "commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g). The pleading must also "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d). A failure to meet either condition results in dismissal of the QTA claim. *See, e.g.*, *United States v. Mottaz*, 476 U.S. 834, 851, 106 S. Ct. 2224, 2234, 90 L. Ed. 2d 841 (1986)(holding that a QTA claim was barred because it was not

brought within twelve years of accrual); *McMaster v. United States*, 731 F.3d 881, 898 (9th Cir. 2013)(dismissing the QTA claim for failure to meet the QTA's heightened standard of pleading).

The United States argues that the counterclaim must be dismissed because the claims contained therein do not conform to the requirements of the QTA. Specifically, the United States seeks to dismiss the Counterclaim Defendants' claims on the basis that: (1) the claims fail to state a claim under the QTA's heightened pleading standards; and (2) the claims are untimely under the QTA's statute of limitations.

Generally, if a Court's subject-matter jurisdiction is challenged, the Court must resolve that challenge before addressing a party's claims on their merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-101, 118 S. Ct. 1003, 1009-16, 140 L. Ed. 2d 210 (1998). Nevertheless, a court may dismiss a complaint for failure to state a claim before determining whether sovereign immunity applies.[2] *See In re Hechinger Inv. Co. of Delaware, Inc.*, 335 F.3d 243, 249-51 (3d Cir. 2003). As such, the Court will first consider whether the

---

[2]  Therefore, the Court need not determine whether the heightened pleading requirement in the Quiet Title Act is itself jurisdictional.

<pre>Case: 3:14-cv-00095-CVG-RM   Document #: 78   Filed: 03/17/16   Page 9 of 12</pre>

<pre>
United States v. Roberts, et. al.
Civil No. 2014-95
Memorandum Opinion
Page 9
</pre>

Counterclaim Defendants' claims must be dismissed for failure to state a claim.

In *McMaster v. United States*, 731 F.3d 881 (9th Cir. 2013), the Ninth Circuit considered whether a QTA claim, which has some similarity to the claims alleged here, was pled with sufficient particularity. In that case, Ken McMaster, Maureen E. Galitz, and Steven E. Fawl (collectively, "McMaster") purchased title to a mining claim from Edwin Lynch, the mining claim's originator("Lynch"). *Id.* at 893-94. McMaster asserted, in relevant part, that he, not the United States, had title to improvements and structures located on the mining claim. *Id.* at 897. The United States filed a motion to dismiss the QTA claim for failure to state a claim. *Id.* at 884-85. The district court granted the motion and dismissed the QTA claim on the basis that McMaster failed to sufficiently allege how he had obtained ownership of the structures. *Id.*

On appeal, the Ninth Circuit affirmed the district court. *See id.* at 898. It reasoned that:

> With regard to the origins of the title to the improvements, McMaster only generally alleges that the structures were constructed incident to mining operations, and specifically alleges that the cabin was built sometime in the early 1890s. Nowhere does McMaster allege whether or how Lynch obtained title, or whether he retained title until he sold the Oro Grande mining claim to McMaster. These particular facts are important because title to the structures

> may have passed to the Government at some time. When a claim is abandoned or deemed invalid, the title to surface structures passes to the United States. *See Brothers v. United States,* 594 F.2d 740, 741 (9th Cir.1979). Thus, McMaster has failed to plead with particularly sufficient facts showing all of the circumstances under which his title to the structures was acquired, 28 U.S.C. § 2409a(d), and has failed to satisfy his burden under the QTA. *See* 28 U.S.C. § 2409a(d).

*Id.*

*McMaster v. United States* is instructive here. To plead their claims with sufficient particularity, the Counterclaim Defendants must assert when and how they received their interests in the property in dispute. *Id.* In addition, the Counterclaim Defendants must allege their chain of title. *See id.*

Considering these requirements, there are several deficiencies in the Counterclaim Defendants' claims. First, all the allegations in the counterclaim discussing use, possession, and ownership of the property in dispute merely assert that the Nerkitt family owned, used, and possessed the property. There are no allegations in the counterclaim that any of the Counterclaim Defendants are members of the Nerkitt family. Indeed, none of the Counterclaim Defendants' surnames are Nerkitt. As such, it is not clear from the counterclaim what

relation the Nerkitt Family has to this action.

Second, and more importantly, a family is not itself a legal entity. The property does not belong in the abstract to a family--it belongs to individuals, or other legal entities. As such, each of the Counterclaim Defendants must plead their own interest in the property, indicating when and how they received their interest in the property and the chain of title. They have not.

Third, the counterclaim does not adequately describe the right, title, or interest claimed by the United States. While it is evident from the United States's complaint that it is asserting ownership in fee simple over Parcel 5a Estate Bordeaux, its complaint makes no allegations regarding Parcel 5 Estate Bordeaux. In contrast, among other things, the Counterclaim Defendants' counterclaim asserts that the Nerkitt family possesses both Parcel 5 Estate Bordeaux and Parcel 5a Estate Bordeaux. Nevertheless, the Counterclaim Defendants do not identify the United States's interest in Parcel 5 Estate Bordeaux, as required by the QTA.

Accordingly, the Counterclaim Defendants' claims must be dismissed for failure to state a claim. Having dismissed all of the Counterclaim Defendants' claims for failure to state a

*United States v. Roberts, et. al.*
Civil No. 2014-95
Memorandum Opinion
Page 12

claim, the Court does not reach the issue of whether these claims must also be dismissed as untimely.

### IV. CONCLUSION

It is evident that as they currently stand, the Counterclaim Defendants' claims are deficient. Where a claim is subject to dismissal, district courts are instructed to provide leave to amend even if such leave has not been requested. *See Phillips v. Cnty. Of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).

As such, the Court will grant the United States's motion to dismiss and grant the Counterclaim Defendants leave to amend their claims.

An appropriate Order follows.


S\_____
        **Curtis V. Gómez**
        **District Judge**