```
            DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

UNITED STATES OF AMERICA )
(NATIONAL PARK SERVICE), )
                                         )
             Plaintiffs, )
                                         )      Civil No. 2014-95
                v. )
                                         )
DONNA ROBERTS; DEBRA ROBERTS- )
LIBURD; LUCIA ROBERTS FRANCIS; )
GLORIA JOSEPH; KEITH E. FRAZER; )
ALVENO A. HERMAN, SR.; ALLEN E. )
ROBERTS, II; EDWIN E. ROBERTS, )
II; SHIREE ANN ROBERTS; RAY )
ROBERTS; LYNETTE MAGRAS; GAYE R. )
MOSES; SEKOU MAGRAS; LENNY )
LIBURD; LEE CHRISTIAN; DELSA )
CHRISTIAN; and KATIKA KIMBO )
DONOVAN, )
                                         )
             Defendants. )
                                         )

**ATTORNEYS:**

**Ronald Sharpe, USA**
**Angela Tyson-Floyd, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States,*

**Joseph Caines, Esq.**
Law offices of Joseph Caines
St. Thomas, VI
    *For Donna Roberts; Lucia Roberts Francis; Gloria Joseph;*
    *Keith E. Frazer; Alveno A. Herman, Sr.; Allen E. Roberts,*
    *II; Edwin E. Roberts, II; Shiree Ann Roberts; Ray Roberts;*
    *Lynette Magras; Gaye R. Moses; Sekou Magras; Lenny Liburd;*
    *Lee Christian; Delsa Christian; and Katika Kimbo Donovan.*

**MEMORANDUM OPINION**

**GÓMEZ, J.**

A bench trial on this matter was held on July 10 and July 11, 2017. The Court, having considered the parties' various pleadings, witness testimony, exhibits, and the arguments of counsel, now enters Judgment pursuant to 52(a) of the Federal Rules of Civil Procedure.

## I.   FACTUAL AND PROCEDURAL HISTORY

On November 13, 2014, the United States brought a complaint against Donna Roberts; Lucia Roberts Francis; Gloria Joseph; Keith E. Frazer; Alveno A. Herman, Sr.; Allen E. Roberts, II; Edwin E. Roberts, II; Shiree Ann Roberts; Ray Roberts; Lynette Magras; Gaye R. Moses; Sekou Magras; Lenny Liburd; Lee Christian; Delsa Christian; and Katika Kimbo Donovan (collectively, the "Roberts Defendants"). On November 17, 2014, the complaint was amended to add an additional defendant, Debra Roberts-Liburd.

The amended complaint is a three-count complaint. Count One asserts a claim against all of the defendants to recover possession of Parcel 5A Estate Bordeaux pursuant to 28 V.I.C. § 281. Count Two asserts a claim against all of the defendants for common law trespass. Count Three asserts a claim against all of

the defendants for public and private nuisance. Essentially, the United States alleges that the defendants are encroaching on the United States' property, Parcel 5A Estate Bordeaux ("5A Bordeaux"), which is located in St. John, United States Virgin Islands.

On July 7, 2017, the United States filed a stipulation of dismissal as to Gloria Joseph, Keith Frazer, Alveno Herman, Allen E. Roberts, Shiree Ann Roberts, and Gaye Moses.

On July 10, 2017, and July 11, 2017, the Court held a bench trial in this matter. During the presentation of its case, the United States presented extensive evidence on its chain of title and the location and boundaries of 5A Bordeaux. The United States also presented evidence that a several individuals claimed ownership of 5A Bordeaux. These individuals were living in 5A Bordeaux and had built several structures on that property. The only specific individual the United States identified, however, was a "Mr. Donovan" who a witness stated he "thinks" occupied "a camper unit" that "caught fire a year and a half ago . . . and burned down." Trial Testimony of Brion Fitzgerald at 2:42 P.M on July 10, 2017. Beyond this reference, neither the witnesses of the United States nor documents introduced into evidence by the United States identified any specific individual living in, encroaching upon, or otherwise

affecting 5A Bordeaux. Rather, the individuals on 5A Bordeaux were only broadly identified as "defendants," "the family members," or "the families."

After the United States rested, the Roberts defendants moved for judgment on partial findings.

## II. DISCUSSION

In a bench trial, motions for judgment "at the close of the plaintiffs' evidence [are] . . . governed by Fed. R. Civ. P. 52(c)" ("Rule 52(c)"). *Nieto v. Kapoor*, 268 F.3d 1208, 1217 (10th Cir. 2001). Rule 52(c) provides:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. . . . A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c).

When considering a Rule 52(c) motion, "the district court applies the same standard of proof and weighs the evidence as it would at the conclusion of the trial." *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 272 (3d Cir. 2010). Accordingly, "Rule 52(c), unlike [Federal Rule of Civil Procedure] 50, does not require the district court 'to draw any inferences in favor of the non-moving party' and permits the court to make a

determination 'in accordance with its own view of the evidence.'" *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 964 n.1 (5th Cir. 2016) (quoting *Ritchie v. United States*, 451 F.3d 1019, 1023 (9th Cir.2006)); *see also EBC, Inc.*, 618 F.3d at 272 (explaining that, under Rule 52(c), "the court does not view the evidence through a particular lens or draw inferences favorable to either party"). In addition, "district court[s] should also make determinations of witness credibility where appropriate." *Id.* at 273.

### III. <u>ANALYSIS</u>

"Actions to Recover Possession of Real Property" are codified at sections 281-94, title 28 of the Virgin Islands Code. Section 281, title 28, provides:

> Any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action. Such action shall be commenced against the person in the actual possession of the property at the time, or, if the property is not in the actual possession of anyone, then against the person acting as the owner thereof.

28 V.I.C. § 281. Section 283, title 28, sets forth what allegations must be stated in the complaint:

> (1) a description of the property with such certainty as to enable the possession thereof to be delivered if recovery is had;

> (2) the nature of plaintiff's estate in the property, whether it is in fee, for life and for whose life, or for a term of years and the duration of such term;
> (3) that the plaintiff is entitled to the possession of the property; and
> (4) that the defendant wrongfully withholds the same from him to his damage in such sum as may be therein claimed.

28 V.I.C. § 283. Accordingly, an action to recover possession of property requires proof of three elements: (1) The plaintiff has a legal estate in real property and a present right to possession of it; (2) the plaintiff is entitled to possess the property; and (3) the defendant wrongly withheld the property from the plaintiff.

With respect to common law trespass, the Restatement (Second) of Torts § 158 provides that

> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in the possession of the other, or causes a thing or a third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove.

Restatement (Second) of Torts § 158 (1965); *see also Hodge v. McGowan*, 50 V.I. 296, 306-07 (2008) (applying Restatement (Second) of Torts § 158 to common law trespass claim). To bring a claim for trespass, a plaintiff must be in possession of land. *See* Restatement (Second) of Torts § 158, cmt. c; *see also Pourzal v. Marriott Int'l, Inc.*, No. CIV. 2001-140, 2006 WL

2471818, at *3 (D.V.I. Aug. 18, 2006) ("To state a claim for trespass, a plaintiff must allege that the defendant entered the land of another without the possessor's consent or authorization."). The Restatement (Second) of Torts § 157 explains that

> a person who is in possession of land includes only one who (a) is in occupancy of land with intent to control it, or (b) has been but no longer is in occupancy of land with intent to control it, if, after he has ceased his occupancy without abandoning the land, no other person has obtained possession as stated in Clause (a), or (c) has the right as against all persons to immediate occupancy of land, if no other person is in possession as stated in Clauses (a) and (b).

Restatement (Second) of Torts § 157 (1965). Accordingly, a trespass claim requires proof of three elements: (1) The plaintiff is entitled to possess certain land; and (2) the defendant intentionally and without authorization, either (a) entered the plaintiff's land or caused a thing or third person to do so; (b) remained on that land; or (c) failed to remove from the land a thing which he is under a duty to remove.

A cause of action for private nuisance is codified at 28 V.I.C. § 331. Section 331, title 28, of the Virgin Islands Code provides:

> Any person whose property is affected by a private nuisance, or whose personal enjoyment thereof is in like manner thereby affected, may maintain an action

> for damages therefor. If judgment is given for the plaintiff in such action, he may, in addition to the execution to enforce the same, on motion, have an order allowing a warrant to issue to the marshal to abate such nuisance. Such motion shall be made at the term at which judgment is given, and shall be allowed of course, unless it appears on the hearing that the nuisance has ceased, or that such remedy is inadequate to abate or prevent the continuance of the nuisance in which latter case the plaintiff may proceed to have the defendant enjoined.

28 V.I.C. § 331. A private nuisance claim requires proof of three elements: (1) The plaintiff owns property or has an interest in the private use and enjoyment of the property; (2) the defendant intentionally or negligently interfered with the use and enjoyment of that property; and (3) the interference was unreasonable. See CBI Acquisitions, LLC v. Morrisette, No. 2014-cv-49, 2016 WL 8732792, at *5 (D.V.I. Sept. 30, 2016); see also Restatement (Second) of Torts § 822 (1979).

The Restatement (Second) of Torts § 821B defines public nuisance as "an unreasonable interference with a right common to the general public." Restatement (Second) of Torts § 821B(1). A public nuisance claim thus requires proof of two elements: (1) The defendant interferes with a right common to the general public; and (2) that interference is unreasonable.

As discussed above, each of the claims of the United States--action to recover possession; common law trespass; private nuisance; and public nuisance--require proof that a

specific individual did something on or affecting specific property. Here, the United States failed to present any evidence whatever that any of the Roberts defendants built structures on, lived on, or in any way affected 5A Bordeaux.

## IV. CONCLUSIONS

For the reasons explained above, as well as the reasons outlined by the Court at the conclusion of the government's case during the trial, the Court will enter judgment in favor of the Roberts Defendants on all counts. An appropriate judgment accompanies this memorandum opinion.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**