```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA       )
(NATIONAL PARK SERVICE),       )
                               )
           Plaintiffs,         )
                               )    Civil No. 2014-95
           v.                  )
                               )
DONNA ROBERTS; DEBRA ROBERTS-  )
LIBURD; LUCIA ROBERTS FRANCIS; )
GLORIA JOSEPH; KEITH E. FRAZER;)
ALVENO A. HERMAN, SR.; ALLEN E.)
ROBERTS, II; EDWIN E. ROBERTS, )
II; SHIREE ANN ROBERTS; RAY    )
ROBERTS; LYNETTE MAGRAS; GAYE R.)
MOSES; SEKOU MAGRAS; LENNY     )
LIBURD; LEE CHRISTIAN; DELSA   )
CHRISTIAN; and KATIKA KIMBO    )
DONOVAN,                       )
                               )
           Defendants.         )
                               )
```

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Angela Tyson-Floyd, AUSA**
United States Attorney's Office
St. Thomas, VI
   *For the United States,*

**Joseph Caines, Esq.**
Law offices of Joseph Caines
St. Thomas, VI
   *For Donna Roberts; Lucia Roberts Francis; Gloria Joseph;*
   *Keith E. Frazer; Alveno A. Herman, Sr.; Allen E. Roberts,*
   *II; Edwin E. Roberts, II; Shiree Ann Roberts; Ray Roberts;*
   *Lynette Magras; Gaye R. Moses; Sekou Magras; Lenny Liburd;*
   *Lee Christian; Delsa Christian; and Katika Kimbo Donovan.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion for attorney's fees and costs filed by Donna Roberts; Lucia Roberts Francis; Gloria Joseph; Keith E. Frazer; Alveno A. Herman, Sr.; Allen E. Roberts, II; Edwin E. Roberts, II; Shiree Ann Roberts; Ray Roberts; Lynette Magras; Gaye R. Moses; Sekou Magras; Lenny Liburd; Lee Christian; Delsa Christian; Katika Kimbo Donovan; and Debra Roberts-Liburd (collectively, the "Roberts Defendants.").

Local Rule of Civil Procedure 54.1 provides:

> Within thirty days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs, together with a notice of motion when application will be made to the Clerk to tax the same.

LRCi 54.1(a). The bill of costs required together with the notice of motion must

> precisely set forth each item thereof, so that the nature of the charge can be readily understood, and shall be verified by the attorney for the applicant, stating that: (1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were necessarily incurred in the action or proceeding.

LRCi 54.1(b). Finally, the bill of cost must include an invoice for each cost item. *See id.* ("Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item.").

Failure to comply with any of the above requirements results in waiver of entitlement to costs. *See* LRCi 54.1(c) ("Upon failure of the prevailing party to comply with . . . Rule [54.1], all costs shall be waived.").

With respect to attorney's fees, "[t]he party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

On July 25, 2017, the Roberts Defendants filed a motion for attorney's fees and costs (the "fee petition"). The Roberts Defendants' fee petition failed to include a verified Bill of Costs as required by LRCi 54.1. Accordingly, the Court will deny the fee petition insofar as it seeks costs. *See Michael J. Benenson Assocs., Inc. v. Orthopedic Network of New Jersey*, 54 Fed. App'x 33, 37 (3d Cir. 2002) (affirming denial of motion for costs because party "fail[ed] to provide invoice documentation

*United States v. Roberts, et. al.*
Civil No. 2014-95
Order
Page 4

of the items for which it sought reimbursement" in violation of similar local rule for the United States District Court of the District of New Jersey).

In support of their request for attorney's fees, the Roberts Defendants filed only a memorandum. A memorandum is not evidence. *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."). Accordingly, because the Roberts Defendants failed to provide the Court with "evidence supporting the hours worked and rates claimed," the Court will deny the fee petition insofar as it seeks attorney's fees. *See Rode*, 892 F.2d at 1183.

The premises considered, it is hereby

**ORDERED** that the motion for attorney's fees and costs docketed at ECF Number 186 is **DENIED.**

S\_____
**CURTIS V. GÓMEZ**
**District Judge**